# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LUCAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00654 DAD JLT<br><br>FINDINGS AND RECOMMENDATION TO GRANT THE MOTION TO DISMISS WITHOUT LEAVE TO AMEND<br><br>(Doc. 23) |

The plaintiff claims that the defendants have violated his rights by refusing to take custody of an arrestee whom he had placed under a citizen's arrest. (Doc. 28) On this basis he claims a violation of equal protection and common law obstruction of justice. Because the plaintiff has failed to allege facts to support his claims and it appears that amendment would be futile, the Court recommends the first amended complaint be **DISMISSED without leave to amend.**

## I.　Background

The plaintiff alleges that while he was undergoing family law proceedings in the Kern County Superior Court, he determined that his ex-wife and her lawyer were committing perjury and decided to place them under arrest. (Doc. 21 at 2-3) On January 21, 2016, the plaintiff arrested (Doc. 21 at 2) and/or delegated to the KCSO his citizen's arrest authority (Doc. 21 at 6) but, the defendants refused the delegation. On May 20, 2016, the plaintiff placed his ex-wife under citizen's arrest for perjury and sought to delegate to officers from the Kern County Sheriff's Office her physical custody. (Doc. 21 at

1

8-9. The defendants explained to the plaintiff that they do not make arrests at the courthouse unless they concern safety and security of the court proceedings, that the Shafter Police Department is the proper investigating agency and that the KCSO will not participate in a citizen's arrest absent its own, independent determination that probable cause exists for the arrest (Doc. 21 at 37). In addition, the defendants indicated that due to the nature of the crime of perjury—where the People of the State of California are the victims of the crime—the proper method was to make a complaint with the District Attorney and seek prosecution in that manner. Id. at 27, 37. The sheriff's deputy contacted the DA's Office about the plaintiff's complaint and was told that the plaintiff needed to make the complaint to the DA's Office. Id. at 37. The plaintiff has continued to attempt to gain the defendants' cooperation with his citizen's arrest authority, to no avail.

## II. Pleading Standards

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

In deciding a motion to dismiss, the court accepts as true factual allegations of a complaint, it disregards legal conclusions. *Iqbal* at 679-680. "[T]o be entitled to the presumption of truth, allegations in a complaint ... may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Iqbal*, at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hospital Association*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Litigants proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Even still, the mere possibility of misconduct falls short of meeting the plausibility standard. *Iqbal*, at 678; *Moss*, at 969.

Dismissal of the complaint is appropriate where the complaint fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). However, leave to amend should not be granted if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.2005).

**III.    The Equal Protection Clause**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439(1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, the plaintiff must show that the defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that he was intentionally treated differently than similarly situated individuals without a rational relationship to a legitimate state purpose. *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio School District v. Rodriguez*, 411 U.S. 1 (1972); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008), *see also Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir.2004); *Sea River Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege facts to support that he was intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook*, 528 U.S. at 564.

The complaint fails to address the elements for establishing a violation of equal protection. First, the complaint admits that as a policy, the Kern County Sheriff's Office will not accept custody of a person subject to a citizen's arrest and will not accept the delegation of authority to arrest, unless officers have determined that probable cause exists to support the arrest[1]. (Doc. 21 at 37, 54) Consequently, the complaint admits that the plaintiff was not treated differently than other, similarly situated people and, therefore, it does not state a claim for a violation of equal protection.

Second, the complaint fails to demonstrate that the decision not to accept custody of the arrestee or to refuse the arrest delegation was unrelated to a legitimate state purpose. Indeed, under the Fourth Amendment, a warrantless arrest for a misdemeanor must "be supported by probable cause to believe that the arrestee has committed a crime." *See Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 924 (9th Cir.2001) (internal quotation and citation omitted), regardless of whether the arrestee was taken into custody pursuant to a citizen's arrest. "In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Id*.

---

[1] Moreover, the plaintiff has provided a copy of the official policy at issue and, consistent with the allegations of the complaint, the policy prohibits officers from accepting custody of those who've been subject to a citizen's arrest when there is not probable cause to support the arrest. (Doc. 23 at 15.)

4

If the police officer fails to "independently investigate" the basis for the citizen's arrest, the officer does not have probable cause to arrest. *See id*. at 920-21, 924-25 (reversing dismissal of Fourth Amendment false arrest claim against police officers based on citizen's arrest where allegations raised inference that officers did not independently investigate asserted violation of law).

In *Kuba v. Marine World Joint Powers Authority*, 2006 WL 3041234 at *2 (E.D.Cal. Oct.24, 2006), the police accepted custody of the plaintiff who had been placed under arrest for trespass by a private citizen. The charge was dismissed by the state court because it lacked probable cause. *Id*. at *2.

After the plaintiff sued under 42 U.S.C. § 1983, this Court held that the police officers could be held liable under the Fourth Amendment because the citizen's arrest lacked probable cause. *Kuba* at *5. The Court held, "police officer is not entitled to hide behind a citizen's arrest in place of making a determination of whether probable cause exists." *Id*.

The refusal here to accept custody of the person who was subject to the citizen's arrest or to accept he arrest delegation authority was related to the legitimate state interest of ensuring compliance with the dictates of the United States Constitution. Consequently, the Court recommends the motion to dismiss the First through Sixth Causes of Action be **GRANTED**.

**IV.    *Monell* Liability**

The complaint names each of the individual defendants in their official capacities (Doc. 21 at 17, 19, 21-22) and the County of Kern also. Naming a public employee in his official capacity does not assert a claim against the individual and is merely an alternative method of naming the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

An entity may be held liable under 42 U.S.C. § 1983 only where an official policy or a custom cause the alleged violation of the constitutional right. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). A "policy" is a "deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir.2008). A "custom" is a "widespread practice that, although not authorized by written law or

express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir.1990).

It appears that the plaintiff is asserting that the policy of the entity caused his damages. However, as noted above, it appears the policy comports with constitutional requirements. The policy indicates that officers are not to accept into custody those who've been subject to a citizen's arrest unless there is probable cause to support the arrest. (Doc. 21 at 37, 54; Doc. 23 at 15.) Thus, the plaintiff has failed to state a claim against the entity and the motion to dismiss should be **GRANTED** as to the first through sixth causes of action as to the County of Kern and the individuals sued in their official capacities.

## V.     Supervisory Liability

When a plaintiff seeks to impose liability on a person holding a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). It is not enough to allege that the supervisor was responsible for the unlawful conduct of the employee. *Iqbal*, 556 U.S. at 677. The plaintiff must allege facts that would support a claim that the supervisor personally participated in the unlawful conduct, he knew of the violations and failed to act to prevent them or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Indeed, mere knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Iqbal* at 677.

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not

to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Seemingly, the plaintiff names Youngblood, Posey, Ollague and Levig in his complaint because he informed them of their subordinates' refusal to accept his citizen arrest and they failed to take favorable action. This after-the-fact information is insufficient to demonstrate their conduct was the moving force of the constitutional violation.'" *Hansen,* 885 F.2d at 646. Thus, complaint based upon these allegations should be dismissed against Youngblood, Posey, Ollague and Levig.[2]

## VI. Statute of Limitations

California's statute of limitations is applicable to this federal personal injury action. *See e.g. Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."). California Code of Civil Procedure § 335.1 dictates that actions for personal injury allegedly caused by negligence must be brought within two years. The two-year limitations period begins to run on the date the plaintiff knows or has reason to know of the injury which is the basis of the action. See *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). An action is time-barred even if late by one day. *See United States v. Locke*, 471 U.S. 84, 101 (1985).

In the complaint, the plaintiff admits that the acts set forth in his first, second and fifth causes of action that the arrest at issue occurred on January 21, 2016. (Doc. 21 at 2-3, 17, 19, 25) Though he alleges that the refusal to accept the arrestee into custody is "ongoing," there are no facts alleged that the arrestee was not been released from the plaintiff's custody on the same day. To the contrary, the plaintiff alleges that he again arrested her on May 20, 2016. (Doc. 21 at 8) Thus, the Court concludes these claims are barred by the statute of limitations and the motion to dismiss on this basis should be **GRANTED**.

## C. State Law Obstruction of Justice

To state a claim under state law against a public employee or a municipality, the plaintiff must

---

[2] The Court recognizes that the plaintiff also claims that he informed them of desire to exercise his citizen arrest authority and they thwarted these efforts. Though the Court finds their conduct in this regard does not state a claim for other reasons, the focus on this section is the after-the-fact notice of the alleged unconstitutional conduct.

7

comply with and plead compliance with California's Government Claims Act. *See* Cal. Gov.Code § 945.4; *State of California v. Superior Court*, 32 Cal.4th 1234, 1240–44 (2004) ("*Bodde*"). Failure to comply is "fatal to the cause of action." *Hacienda La Puente Unified School Dist. v. Honig*, 976 F.2d 487, 494 (9th Cir.1992); *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974); *see also Bodde*, at 1240. Failure to allege facts that demonstrate or excuse compliance with the Act subjects the state law claims to dismissal. *See Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995); *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988); *cf. Bodde*, 32 Cal.4th at 1239. Thus, the plaintiff must have submitted his written claim to the Kern County Board of Supervisors within six months of accrual of the action. See *Cal. Gov't Code* §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995). The plaintiff has failed to allege that he has complied with the Act. Consequently, his seventh and eighth causes of action should be **DISMISSED**.

In addition, the Court has found no authority and none has been cited that supports his claim that there is a private right of action for obstruction of action. Thus, the seventh and eighth causes of action should be **DISMISSED.**

Also, "the intent of [California's Government Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976). To impose liability on the County, there must be a statutory basis for it. Cal. Gov. Code § 815. Thus, the seventh and eighth causes of action should be **DISMISSED** as to the entity.

The plaintiff seeks prosecution of the defendants for obstruction of justice. However, there is no showing the Court has the authority to order this prosecution. Thus, the seventh and eighth causes of action should be **DISMISSED.**

Finally, at the hearing, the plaintiff conceded that he cannot proceed on the "obstruction of justice" claims. Thus, the seventh and eighth causes of action should be **DISMISSED.**

## FINDINGS AND RECOMMENDATION

Because the underpinnings of the plaintiff's complaint is that the defendants were obligated to

accept his delegation of this citizen's arrest authority and to take physical custody of his arrestee without verifying that probable cause existed for the arrest and the Court finds that this is incorrect, the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Thus, the Court **RECOMMENDS**:

1. The motion to dismiss the complaint be **GRANTED without leave to amend**;
2. That the Clerk of the Court be directed to close this action.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 30 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 7 days after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 18, 2018**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE