1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN LUCAS,                              No. 1:18-cv-0654-DAD-JLT

12              Plaintiff,

13       v.                                   ORDER DENYING PLAINTIFF'S MOTIONS
                                              FOR INDICATIVE RULING
14   DONNY YOUNGBLOOD, et al.,
                                              (Doc. Nos. 55, 57)
15              Defendants.

16

17          Before the court are plaintiff John Lucas's motions for indicative ruling.  (Doc. Nos. 55,

18   57.)  The two motions are substantively identical.[1]  Defendants filed an opposition to plaintiff's

19   motion on November 21, 2019.  (Doc. No. 56.)  On November 25, 2019 the court vacated the

20   noticed hearing date pursuant to Local Rule 230(g) and took the motion under submission.  (Doc.

21   No. 58.)  On December 2, 2019, plaintiff filed a reply.  (Doc. No. 60.)

22                                   **BACKGROUND**

23          In his first amended complaint filed in this action, plaintiff asserted that defendants

24   violated his rights by refusing to take custody of his ex-wife whom he had placed under a

25   citizen's arrest for allegedly committing perjury during family law proceedings.  (Doc. No. 21.)

26

27   _____
     [1] It appears plaintiff filed his motion initially on November 18, 2019, and after an issue with mail
28   service of his motion, he filed the same motion a second time on November 21, 2019.  (See Doc.
     No. 57 at 11.)

                                              1

On August 10, 2018, defendants moved to dismiss plaintiff's first amended complaint. (Doc. Nos. 22, 23.) The undersigned referred defendants' motion to the assigned magistrate judge, (Doc. No. 30), who issued findings and recommendations on September 18, 2018, recommending defendants' motion be granted and that plaintiff's complaint be dismissed with prejudice because plaintiff had failed to allege facts to support his claims and the granting of leave to amend would be futile (Doc. No. 39). On December 5, 2018, the undersigned adopted the magistrate judge's findings and recommendations in full, dismissing plaintiff's first amended complaint without further leave to amend and directing the Clerk of the Court to close this case. (Doc. No. 46.) Accordingly, judgment was entered on December 5, 2018. (Doc. No. 47.)

Plaintiff appealed to the Ninth Circuit, filing a notice of appeal on December 20, 2018. (Doc. No. 49.) Nearly a year later, on November 18, 2019 and November 21, 2019, plaintiff filed his motions for an indicative ruling. (Doc. Nos. 55, 57.) On November 26, 2019, the Ninth Circuit affirmed this court's order dismissing plaintiff's first amended complaint without leave to amend. (Doc. No. 59.)

## LEGAL STANDARD

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982). Under Federal Rule of Civil Procedure 62.1, courts can make an indicative ruling when a party files "a timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a); *Best Odds Corp. v. iBus Media Ltd.* (*Best Odds Corp. II*), 655 F. App'x 582, 583 (9th Cir. 2016).[2] Where a party timely moves for relief that the court cannot grant due to a pending appeal, Rule 62.1 provides that the court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). A request for an indicative ruling is not a standalone motion; it accompanies an underlying motion that the

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

movant wants the court to consider despite the appeal.  Where no such underlying motion is timely filed, Rule 62.1 does not apply.  *Best Odds Corp. II*, 655 F. App'x at 583 (holding district court did not err in denying motion for an indicative ruling because plaintiff "did not file any [] timely motion for relief" and "[t]hus, Rule 62.1 was not applicable").  Similarly, once the appellate court issues a decision ending the appeal, the court's jurisdiction to rule on the underlying motion is restored, and the request for an indicative ruling is rendered moot.  *See Smith & Nephew, Inc. v. Arthrex, Inc.*, No. 3:04-cv-00029-MO, 2015 WL 3423024, at *1 (D. Or. May 19, 2015) (denying as moot defendant's motion for indicative ruling after Federal Circuit issued a mandate affirming the court's prior decision and ending the appeal).

**ANALYSIS**

Plaintiff filed his motions for an indicative ruling while his appeal of the court's order dismissing his case was pending in the Ninth Circuit.  Because the Ninth Circuit has now issued its decision affirming this court's order dismissing plaintiff's complaint with prejudice and ending the appeal, Rule 61.2 does not apply, and plaintiff's motion is now moot.  *See* Fed. R. Civ. P. 62.1(a); *Smith & Nephew, Inc.*, 2015 WL 3423024 at *1.

Additionally, plaintiff's motion for an indicative ruling fails to articulate any underlying motion for relief.  Plaintiff has submitted a proposed order which states, "this Court will grant Plaintiff's motion pursuant to Federal Rules of Procedure Rule 62.1 and proceed to rule upon Plaintiff's Motion to Amend Pleadings pursuant to Federal Rules of Civil Procedure Rule 60(b)." (Doc. No. 57 at 14.)  However, plaintiff has not provided the court with a Rule 60(b) motion or otherwise set forth the grounds on which he should be relieved from the final judgment.  As best the court can tell, the relief plaintiff seeks is for the court to allow him to amend his complaint to allege another incident of defendants refusing to act on his delegation of authority to perform a citizen's arrest—this time of a crop-dusting pilot who plaintiff claims sprayed pesticide on plaintiff's person and property on July 27, 2018.  (Doc. No. 57 at 1–3.)

/////

/////

/////

3

If the court construes plaintiff's filing as a motion under Rule 60(b) for relief from judgment—

which appears to be plaintiff's intention—plaintiff has still failed to articulate any "newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b)."[3]  *See* Fed. R. Civ. P. 60(b)(2); *see also Best Odds Corp. I*,

2015 WL 3468917 at *2 (applying Rule 60(b) analysis even though motion for indicative relief

did not invoke Rule 60(b) and denying plaintiff's motion for indicative ruling).  Plaintiff has also

not articulated "any other reason that justifies relief," *see* Fed. R. Civ. P. 60(b)(2), beyond

asserting that his moving papers "raise *a substantial issue*:  Defendants' repeated misapplication

of Fourth Amendment probable cause to citizens' arrests," (Doc. No. 60 at 3), which speaks to a

court's options under Rule 62.1 for indicative rulings, but not to the grounds for the granting of

relief under Rule 60(b).

Moreover, Rule 60(c) requires that a Rule 60(b) motion "be made within a reasonable

time." Fed. R. Civ. P. 60(c)(1).  Plaintiff does not explain how his motions were made within a

reasonable time.  He filed the motions on November 18, 2019 and November 21, 2019—nearly a

year after judgment was entered in this case on December 5, 2018—and he seeks leave to amend

his complaint to add allegations about a "crop duster spraying pesticide on plaintiff's person and

property on July 27, 2018," (Doc. No. 60 at 3)—an event that allegedly occurred well before

judgment was entered in this action.[4]  Thus, the court concludes that in addition to not sufficiently

articulating any basis for relief under Rule 60(b), plaintiff's motions were also not made within a

reasonable time.

/////

---

[3]  Even if the court construed plaintiff's motions as seeking leave to amend under Rule 15, no such relief could be appropriately granted because the court has already dismissed the complaint and judgment has been entered in this case.  *See Best Odds Corp. v. iBus Media Ltd*. (*Best Odds Corp. I*), No. 2:13-cv-02008-RCJ-VC, 2015 WL 3468917, at *2 (D. Nev. June 1, 2015), *aff'd*, 655 F. App'x 582 (9th Cir. 2016) (noting the court "could not simply give leave to amend the Complaint under Rule 15 even if it had not yet lost jurisdiction to the Court of Appeals").

[4]  Plaintiff's reply brief incorrectly states that the crop duster incident occurred on July 27, 2018 "after plaintiff's appeal was docketed . . .." (Doc. No. 60 at 3.)  But, plaintiff's notice of appeal in this case was filed on December 20, 2018, (Doc. No. 49), so the crop duster incident allegedly occurred nearly five months before plaintiff's appeal.

**CONCLUSION**

For the reasons stated above, plaintiff's motions for an indicative ruling (Doc. Nos. 55, 57), are denied.

IT IS SO ORDERED.

Dated:  **December 3, 2019**

_____
UNITED STATES DISTRICT JUDGE